OPINION *Page 2 
{¶ 1} On September 13, 1985, appellant, Todd Powell, and appellee, Nancy Powell, were married. Three children were born of said marriage, namely, Charlie-Ann born August 29, 1986, Dustin born November 12, 1988, and Eric born November 22, 1989. On January 21, 1993, in the state of Delaware, the parties were issued a divorce decree which contained a separation agreement. On June 13, 1995, the Court of Common Pleas for Stark County, Ohio, Domestic Relations Division, registered the foreign order.
 {¶ 2} In a judgment entry filed January 26, 2007, the trial court ordered appellant to pay $340.39 per month per child in child support. On April 27, 2007, following an investigation, the Child Support Enforcement Agency (hereinafter "CSEA") issued a notice terminating child support for Dustin as of June 3, 2007, the date Dustin graduated from high school.
 {¶ 3} Appellee filed a motion for hearing on the CSEA order. A hearing before a magistrate was held on June 26, 2007. By decision filed June 29, 2007, the magistrate reversed the CSEA order. Appellant filed objections. A hearing was held on September 17, 2007. By judgment entry filed same date, the trial court adopted and approved the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION AND THE TRIAL COURT'S ORDER IS AGAINST THE MANIFEST *Page 3 
WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW WHEN THE TRIAL COURT REVERSED THE CSEA'S RECOMMENDATION TO TERMINATE CHILD SUPPORT FOR ADULT CHILD WHO HAS GRADUATED FROM HIGH SCHOOL BASED UPON THE FACTS OF THIS CASE THAT SHOW THAT THERE WAS NO EXPRESS AGREEMENT TO PAY FOR COLLEGE EXPENSES."
 II {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT CHARACTERIZED THE PAYMENT OF COLLEGE EXPENSES FOR AN EMANCIPATED ADULT CHILD AS `CHILD SUPPORT.'"
 I {¶ 7} Appellant claims the trial court erred in determining that the parties had agreed to "re-evaluate" child support in relation to college expenses as the child support order should have terminated upon Dustin's emancipation. Appellant claims the trial court abused its discretion and the decision is contrary to law and against the manifest weight of the evidence. We disagree.
 {¶ 8} The trial court is provided with broad discretion in deciding what is equitable in domestic relations matters, including issues of child support, upon the facts and circumstances of each case. Booth v.Booth (1989), 44 Ohio St.3d 142. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), *Page 4 5 Ohio St.3d 217. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 9} R.C. 3119.86 governs "[circumstances requiring duty of support beyond child's eighteenth birthday." Subsection (A)(1)(b) states the following:
 {¶ 10} "(A) Notwithstanding section 3109.01 of the Revised Code, both of the following apply:
 {¶ 11} "(1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances:
 {¶ 12} "(b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution."
 {¶ 13} In overturning the CSEA's decision, the trial court relied on the following specific provision contained in the Delaware separation agreement at ¶M:
 {¶ 14} "This amount shall be subject to re-evaluation should there be any change of circumstances. Said support shall continue until each child reaches the age of eighteen years at which time child support will be re-evaluated to cover college expense for said child." *Page 5 
 {¶ 15} During the June 29, 2007 hearing, the magistrate stated the following at 13:
 {¶ 16} "THE COURT: * * * So, I'm just issuing a recommendation today, and the Judge will ultimately decide the matter, if objections are filed. But, in my view, we had a very narrow focus today, as to whether or not the agency issued valid recommendations, regarding the termination of the support of Dustin. And focusing on that, I find that the agency acted erroneously because of the provision in the decree, which I have constructed or construed as the parties agreeing to continue the support obligation beyond Dustin's eighteenth (18th) birthday. And that being the case ah . . . either party. The Court retains, continuing jurisdiction, over the support obligation, as to Dustin and either party may file a Motion of . . . pertaining to the future support of Dustin."
 {¶ 17} We agree the clear and unequivocal meaning of the child support provision agreed to by the parties in their separation agreement retained the trial court's jurisdiction to order child support beyond emancipation if conditions warrant it.
 {¶ 18} Upon review, we find the trial court did not abuse its discretion, and the decision is neither contrary to law nor against the manifest weight of the evidence.
 {¶ 19} Assignment of Error I is denied.
 II {¶ 20} Appellant claims the trial court erred in continuing "child support" and continuing it at the previous non-emancipated amount. We disagree. *Page 6 
 {¶ 21} As pointed out by the magistrate during the June 29, 2007 hearing at 13-14, the narrow scope of the hearing was not to re-evaluate the issue of child support, but to determine only if CSEA's termination of child support was correct:
 {¶ 22} "Ah . . . I wasn't here today to entertain the amount of support, if any that should be paid for Dustin. I was here today, to make a determination as to whether the agency issued valid findings of (sic) recommendations and I found that they did not issue valid findings and recommendations, because of the language in the divorce decree. So, it's not my place here today, to say, you know, what the support amount should be. There is an existing order, which will continue to be enforced. So, if either party, wishes to alter that existing order in any way, that will (sic) party will need to file a Motion with the Court. That will be all."
 {¶ 23} Based upon the very limited scope of the matter sub judice, we deny the arguments under this assignment of error. Because of the trial court's continuing jurisdiction granted in the divorce decree, a future motion requesting "re-evaluation" of the child support amount would be consistent with this opinion.
 {¶ 24} Assignment of Error II is denied. *Page 7 
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
 Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed. *Page 1